# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| RONALD KOENER and<br>MARY F. KOENER, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | Case No. 4:06CV1420 HEA |
| JOHNSON & JOHNSON and<br>DEPUTY ORTHOPAEDICS, INC., | )<br>)<br>) | |
| Defendants. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Voluntary Dismissal Without Prejudice, [Doc. No. 26]. Defendants oppose the Motion. For the reasons set forth below, the Motion is granted.

Plaintiffs initially brought this action in the Circuit Court for the County of St. Louis on August 23, 2006. Defendants removed the action to this Court, based on the Court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332. Plaintiffs now seek voluntary dismissal without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Plaintiffs seek dismissal because they were unable to secure an expert witness within the time provided by the Court for completion of discovery.

Rule 41(a)(2) provides, *inter alia,*

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

"'It is axiomatic that a dismissal pursuant to Rule 41(a)(2) is not one of right but is rather a matter for the discretion of the trial court.'" *Great Rivers Co-op. of Southeastern Iowa v. Farmland Industries, Inc.,* 198 F.3d 685, 689 (8th Cir.1999) (quoting *United States v. Gunc,* 435 F.2d 465, 467 (8th Cir.1970)). "In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendants." *Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.,* 187 F.3d 941, 950 (8th Cir.1999) (internal citations omitted). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side. Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Paulucci v. City of Duluth,* 826 F.2d 780, 782 (8th Cir.1987).

The Court has considered the *Paulucci* factors and finds that dismissal is the most expeditious and fair approach to the ultimate resolution of substantive issues

herein. The Court, is, however, cognizant of defendants' desire to resolve the matter and to avoid further delay of the substantive issues of this case. With that in mind, the following conditions shall apply to this dismissal:

In the event that plaintiffs refile this action, the refiling shall be in this Court only, and all discovery obtained to date shall apply in any refiled action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Voluntary Dismissal without Prejudice, [Doc. No. 26], is granted, with the conditions set forth herein.

**IT IS FURTHER ORDERED** that this matter is dismissed, without prejudice.

Dated this 16th day of October, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE